# In the United States Court of Federal Claims

No. 19-510 T

Filed: March 25, 2022

|   |   |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING, LLC, | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

*Armando Gomez*, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C., for Plaintiff. *David W. Foster* and *Jaclyn Roeing*, of counsel.

*Jason Bergmann*, United States Department of Justice, Tax Division, Washington, D.C., with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, of counsel, for Defendant.

## OPINION AND ORDER

**MEYERS, Judge.**

      Plaintiff Philadelphia Energy Solutions Refining and Marketing, LLC ("PES") filed this tax-refund suit seeking over $550 million in alternative fuel mixture credits for mixing butane with gasoline. PES claims its entitlement based on a clear statutory mandate. Despite this purported clarity, it took sophisticated entities more than ten years to find that "clear" meaning lurking in the text. And this clarity is further undermined by the dueling industry and dictionary definitions that PES and the Government put forward. But no matter how many dictionaries or industry sources one consults, the statutory text dictates the outcome here.

      This dispute centers on the meaning of a few key terms in a complex web of interrelated statutes creating certain excise taxes and credits granted against those taxes. The alternative fuel mixture ("AFM") credit provides certain producers of alternative fuel mixtures a credit against the excise tax on certain traditional fuels including gasoline. The interpretive question before the Court is whether butane qualifies as "liquefied petroleum gas" and is therefore an alternative fuel, which means that PES produced an AFM and is entitled to the credit it claims. Or is butane a taxable fuel for purposes of the AFM credit and therefore excluded from the statutory

definition of an alternative fuel as the Government contends, rendering PES ineligible for the AFM credit it seeks? Because the statute's terms make clear that butane is not an alternative fuel for the purposes of the AFM credit, the Court denies the Plaintiff's Motion for Partial Summary Judgment and grants the Government's Cross-Motion for Summary Judgment. The Government's Motion for Judgment on the Pleadings is denied as moot.

## I.   Background

### A.   Factual Background[1]

In 2012, PES registered with the IRS as a fueler eligible to receive the AFM credit (if it produced a qualifying alternative fuel mixture). ECF No. 50-1 at 3. It produced and sold gasoline as fuel that could be used in a variety of engines. *Id.* at 9. As relevant here, PES asserts that it produced an alternative fuel mixture when it allegedly mixed and sold a mixture of butane and gasoline in each of the tax quarters in 2014, 2015, 2016, and 2017. *Id.* at 1.

Producers have added butane to gasoline for decades and almost all gasoline sold in the United States includes some amount of butane. William L. Leffler, Petroleum Refining in Nontechnical Language 128-31 (4th ed. 2008), ECF No. 53-27 (explaining why butane has become the "pressuring agent of choice" in gasoline production); William L. Leffler, Natural Gas Liquids: A Nontechnical Guide 14 (2014), ECF No. 63-2 (stating that there was an "increas[ed] demand for butane for gasoline blending . . . by the 1950s"). Butane is primarily added to gasoline mixtures for two reasons. First, butane is "a very inexpensive component [of gasoline] . . . from a profitability perspective" and is therefore used to maximize producers' profits. ECF No. 50-1 at 6-7 (citations omitted). PES had a team dedicated to calculating the maximum amount of butane that it could blend into gasoline each day while staying under the Environmental Protection Agency's cap, which fluctuates depending on the season. *See* ECF No. 53 at 17 (citing ECF No. 53-4 at 23); *see also* ECF No. 50-1 at 6-7. Second, butane is used to increase the vapor pressure of gasoline, which is "necessary for engines to operate properly during cold winter months." ECF No. 53 at 15 (citing ECF No. 50-22 at A666-67).

In April 2017, PES first learned of its potential claims for AFM credits in discussions with the accounting firm KPMG. ECF No. 50-22 at A-669. Subsequently, PES filed administrative claims with the IRS seeking refunds for each of the tax quarters from 2014-2016, claiming that its mixture of butane and gasoline qualified for the AFM credit. ECF No. 50-1 at 10. Having received no response from the IRS, PES filed its action for a refund of excise taxes paid based on its claim that it qualified for the AFM credit. ECF No. 1. PES amended the Complaint to add a claim for a refund of excise taxes paid for each of the 2017 taxable quarters. In total, PES seeks a recovery of $550,227,343.05, plus interest. ECF No. 12 ¶ 2; ECF No. 50-1 at 11.

### B.   Statutory Background

---

[1] The facts presented are from the Parties' filings and do not appear to be disputed. Because this dispute centers on statutory interpretation, the Court provides a limited background for context but makes no findings of fact.

Congress has long levied excise taxes on traditional fuels and alternative fuels used in transportation vehicles via §§ 4081 and 4041, respectively, of the Internal Revenue Code ("IRC").[2] The IRC defines several key terms that are essential to understanding the excise taxes and related credits:

- Alternative Fuel – There are two statutory definitions of alternative fuel.

    o IRC § 4041(a)(2)(A) defines alternative fuel as "any liquid (other than gas oil, fuel oil, or any product taxable under section 4081 . . .)" sold or used as a fuel in a motor vehicle or motorboat.

    o IRC § 6426(d)(2) provides "[f]or the purposes of this section, the term 'alternative fuel' means-- (A) liquefied petroleum gas . . . ."

- Alternative Fuel Mixture – IRC § 6426(e)(2) defines alternative fuel mixture as "a mixture of alternative fuel and taxable fuel (as defined in subparagraph (A), (B), or (C) of section 4083(a)(1)) which-- (A) is sold by the taxpayer producing such mixture to any person for use as fuel, or (B) is used as a fuel by the taxpayer producing such mixture."

- Gasoline – IRC § 4083 defines "gasoline" for IRC § 4081 to include "(i) any gasoline blend stock" "to the extent prescribed in regulations." IRC § 4083(a)(2)(B).

- Gasoline Blend Stocks – Gasoline blend stocks are the various components that are mixed to make gasoline. Relevant here is that Treasury regulations implementing IRC § 4083 define gasoline blend stocks to include butane. 26 C.F.R. § 48.4081-1(c)(3)(i)(B).[3]

- Taxable Fuel – IRC § 4083(a)(1) defines "taxable fuel" for the purposes of IRC § 4081 as "(A) gasoline, (B) diesel fuel, and (C) kerosene." This case deals only with gasoline.

In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act ("SAFETEA"), which provided excise-tax credits for the use and/or sale of alternative fuels and alternative fuel mixtures. Pub. L. No. 109-59, § 11113, 119 Stat. 1144 (2005). The alternative fuel credit, set forth in IRC § 6426(d), is allowed against the excise tax imposed on alternative fuels by IRC § 4041. IRC § 6426(a)(2). This credit applies to alternative fuels "sold by the taxpayer for use as a fuel in a motor vehicle or motorboat, sold by the taxpayer

---

[2] All citations to the IRC and regulations are to the versions in effect at the time of PES's conduct unless otherwise indicated.

[3] The statute refers to "blend stocks" while the regulations refer to "blendstocks." If there is a difference between the two, the Court is not aware of it. When discussing blend stocks, the Court will use the statutory phrasing of two words but will use blendstock when quoting regulation or other court opinions.

for use as a fuel in aviation, or so used by the taxpayer." IRC § 6426(d)(1). The AFM credit, set forth in IRC § 6426(e), is allowed against the excise tax on taxable fuels imposed by IRC § 4081. IRC § 6426(a)(1). This credit applies to "any alternative fuel mixture for sale or use in a trade or business of the taxpayer." IRC § 6426(e)(1).

These excise-tax credits periodically expire. ECF No. 53 at 7. The credits expired on December 31, 2016, but were retroactively reinstated by Congress on February 9, 2018, for the period between January 1, 2017, and December 31, 2017. *See* Consolidated Appropriations Act, 2016, Pub. L. No. 114–113, § 192(a)(1), 129 Stat. 2242, 3075; Bipartisan Budget Act of 2018, Pub. L. No. 115–123, § 40415(a)(1), 132 Stat. 64, 152. On December 20, 2019, they were again retroactively revived for the period from January 1, 2018, through December 31, 2020. *See* Further Consolidated Appropriations Act, 2020, Pub. L. No. 116–94, § 133(a)(1), 133 Stat. 2534, 3233. Retroactive reinstatement was a recurring pattern for these credits. *See* ECF No. 53 at 7-8.

To qualify for the AFM credit, taxpayers must 1) sell or use the alternative fuel mixture as a fuel; 2) incur excise tax liability under § 4081; and 3) register with the Internal Revenue Service ("IRS") pursuant to IRC § 4101. ECF No. 50-1 at 1-2 (citing IRC §§ 6426(a), (e)). Section 6426(e)(2) defines an alternative fuel mixture as a mixture of alternative fuel and taxable fuel that the producer either uses as fuel or sells for use as fuel. Again, the IRC defines taxable fuel for the AFM credit to include "gasoline." IRC § 4083. But IRC § 6426(e) does not define alternative fuel, which is half of the AFM equation. That said, IRC § 6426(d)(2) defines alternative fuel to include "liquefied petroleum gas." And IRC § 6426(d)(2) states that this definition of alternative fuel applies "to this section." Nothing in IRC § 6426 defines "liquefied petroleum gas."

After taxpayers filed several lawsuits around the country seeking refunds on the same theory PES argues here, Congress enacted a "Clarification of Rules Regarding Alternative Fuel Mixture Credit" on December 20, 2019 (the "2019 amendment"). This amendment specifically excluded liquefied petroleum gas, compressed or liquefied natural gas, and compressed or liquefied gas derived from biomass from the definition of alternative fuel for purposes of the AFM credit. *See* Further Consolidated Appropriations Act, 2020, §§ 133(b)(1)-(2). The 2019 amendment applies to "fuel sold or used on or after the date of the enactment of [the] Act" as well as fuel sold or used before the enactment, but only if such claims "have not been paid or allowed" and "were made on or after January 8, 2018." *Id.* at § 133(b)(2). This includes PES's claims relating to 2017, which were not filed until October 2018. ECF No. 12 ¶ 45.

### C.   Procedural Background

On February 14, 2020, the Government filed a Motion for Judgment on the Pleadings regarding the claims for 2017 because of the 2019 amendment removing liquefied petroleum gas from the definition of alternative fuel for purposes of the AFM credit. ECF No. 28. Judge Smith stayed consideration of this motion pending fact discovery. ECF No. 29. The case was transferred to the undersigned on October 26, 2020. Following a status conference, the Court lifted the stay and set a briefing schedule for the Parties' cross-motions for summary judgment. ECF Nos. 48-49. On November 12, 2020, PES filed a Motion for Partial Summary Judgment on "[w]hether butane is a liquefied petroleum gas and, therefore, an 'alternative fuel' for purposes

of the alternative fuel mixture credit." ECF No. 50-1 at 1. The Government filed its Cross-Motion and Response to Plaintiff's Motion for Partial Summary Judgment on December 28, 2020. ECF No. 53. The Parties fully briefed their cross-motions and the Court held oral argument and these motions are ripe for decision.

## II. Legal Standard

Pursuant to RCFC 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is particularly appropriate where, as here, the case turns on issues of statutory interpretation. *See Santa Fe Pac. R.R. Co. v. United States*, 294 F.3d 1336, 1340 (Fed. Cir. 2002) ("Issues of statutory interpretation and other matters of law may be decided on motion for summary judgment."). PES bears the burden of showing its entitlement to the AFM credit, because "[t]ax credits . . . 'are a matter of legislative grace, and taxpayers bear the burden of clearly showing that they are entitled to them.'" *Sunoco, Inc. v. United States*, 129 Fed. Cl. 322, 331 (2016), *aff'd*, 908 F.3d 710 (Fed. Cir. 2018) (quoting *Schumacher v. United States*, 931 F.2d 650, 652 (10th Cir. 1991) (citation omitted)).

## III. Discussion

Although the Parties insist that Congress's chosen language is clear, their interpretations are irreconcilable. The Government argues that because butane is taxed under IRC § 4081, it is statutorily excluded from the definition of alternative fuel. PES insists that "Section 6426 is clear and unambiguous: butane is a liquefied petroleum gas, and therefore butane is an alternative fuel for purposes of the alternative fuel mixture credit." ECF No. 50-1 at 13.

But if IRC § 6426 clearly means what PES argues, it is inconceivable that "gasoline producers waited 'more than 10 years to start claiming the credit for doing what they ha[d] been doing for' decades." ECF No. 63 at 4 (quoting 165 Cong. Rec. S7185 (daily ed. Dec. 19, 2019)) (alterations in original). As PES admits, it was already incentivized to use as much butane as possible because "using butane as a component in blending a barrel of gasoline would lower the cost of that barrel of gasoline and [PES's] profit margin would be higher than on other barrels that contained less or no butane." *Id.* at 7. And PES claims that its newfound interpretation entitles it to more than $100 million per year in AFM credits. *See* ECF No. 12 ¶ 45 (table of quarterly claims). The Court agrees with the Government that the meanings of IRC § 6426's terms are clear from the statutory and regulatory text of IRC § 6426 and the related excise taxes. No matter how many dictionaries one consults, this Court is bound by these statutory terms.

### A. The Parties' Cross-Motions for Summary Judgment

To decide the parties' dueling motions for summary judgment, the Court must determine whether the butane PES combined with gasoline qualifies as an alternative fuel such that it created an alternative fuel mixture for purposes of IRC § 6426(e). In making this determination, the Court must first examine the plain language of IRC § 6426. *See Williams v. Taylor*, 529 U.S. 420, 431 (2000) ("We start, as always, with the language of the statute.") (citation omitted). The Government asserts this analysis requires interpreting the text of the statute in the context of the broader excise tax scheme. ECF No. 53 at 19. PES argues that although in some circumstances

the statutory context may be useful in interpreting the plain language of a statute, in this case "[b]ecause the excise tax and tax credit statutes serve different purposes, and Congress provided specific definitions of alternative fuel for each, the excise tax scheme does not provide any insight on how to interpret section 6426's definition of alternative fuel." ECF No. 50-1 at 19.  Not so.

### 1. The plain language of IRC § 6426 incorporates by reference the excise tax provisions, which must be read together with the applicable tax credit.

The Supreme Court has made clear that "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 481 (2006) ("[I]nterpretation of a word or phrase depends upon reading the whole statutory text, considering the statute's purpose and context.").  Accordingly, the Court is not persuaded by PES's argument that the excise tax scheme should not inform the interpretation of the accompanying tax credits.  As the Seventh Circuit explained when interpreting these same provisions, "[b]y parsing the text and then more broadly navigating the accompanying and surrounding excise tax and tax credit structure, we find all of the definitional direction necessary to determine the meaning and limits of the precise provision at issue—26 U.S.C. § 6426(e)." *U.S. Venture, Inc. v. United States*, 2 F.4th 1034, 1038 (7th Cir. 2021).  And as the Fifth Circuit put it, "[t]ext cannot be divorced from context, and statutory meaning is not always common meaning.  Congress's words must be read as part of a contextual whole." *Vitol, Inc. v. United States*, No. 20-20237, 2022 WL 855857, at *1 (5th Cir. Mar. 23, 2022).  Although not binding on this Court, the Court finds *U.S. Venture* and *Vitol* persuasive.  The Court will, therefore, consider the statutory context surrounding IRC § 6426(e) when interpreting the plain language of the statute.

Even as a matter of first impression this Court would look to related excise taxes because IRC § 6426 expressly incorporates definitions from the related excise taxes (i.e., IRC §§ 4041, 4081, and 4083).  *See* IRC §§ 6426(a), (e)(2).  Section 6426(a) states that the tax credits found in IRC § 6426 are allowed against the excise taxes imposed by IRC §§ 4041 and 4081.  The AFM credit in IRC § 6426(e) is allowed against the tax imposed by IRC § 4081 and the alternative fuel tax credit in IRC § 6426(d) is allowed against the tax imposed by IRC § 4041.  *See* IRC § 6426(a).  And IRC § 4041 specifically excludes anything taxed under IRC § 4081 from the scope of its tax.  Accordingly, to identify whether a given fuel or fuel mixture qualifies for a tax credit under IRC § 6426, the Court must first determine whether the fuel or fuel mixture is taxable under the respective excise tax itself pursuant to IRC § 6426(a).  IRC § 6426 cannot be read in isolation from the overall statutory excise tax scheme.

And IRC § 6426 relies on other statutory provisions to define essential terms.  For example, IRC § 6426(e)(2) "expressly cross-references another statute (§ 4083(a)(1)(A)–(C)) to define the term 'taxable fuel.'" *U.S. Venture*, 2 F.4th at 1038.  Specifically, IRC § 6426(e)(2) defines an alternative fuel mixture as a mixture of alternative fuel "and taxable fuel (*as defined in subparagraph (A), (B), or (C) of section 4083(a)(1)*)." (emphasis added).  As explained above, "[§] 4083 . . . is a definitional provision that gives meaning to the terms used in the fuel excise tax statute itself—26 U.S.C. § 4081." *U.S. Venture,* 2 F.4th at 1038.  Thus, to determine which fuels qualify as taxable fuels for purposes of the AFM credit, the Court must look to IRC § 4083,

which defines the term "taxable fuel" as "(A) gasoline, (B) diesel fuel, and (C) kerosene." IRC § 4083(a)(1).

        2.    <u>Because butane and gasoline are traditional fuels, their mixture does not create an alternative fuel.</u>

To qualify for the AFM credit under IRC § 6426(e), a fuel mixture must include both a taxable fuel and an alternative fuel. This does not require any great legal reasoning. Section 6426(e)(2) requires a "mixture" of an "alternative fuel" and a "taxable fuel," the natural reading of which leads inexorably to the conclusion that an "alternative fuel" is distinct from a "taxable fuel," and both must be present for the credit to apply. Indeed, Congress enacted the AFM credit "to encourage and incentivize the production and use of *alternative* fuels." *U.S. Venture, Inc. v. United States*, 448 F. Supp. 3d 979, 983 (E.D. Wis. 2020) (citing Alternative Motor Fuels Act, Pub. L. No. 100-494, 102 Stat. 2441, 2442 (1988)) (emphasis added). As the Seventh Circuit explained:

> The simple fact that the tax credit is for an "alternative fuel mixture" indicates that the resulting fuel for which the taxpayer seeks a credit must be "alternative" to something. That something is surely a taxable fuel, for the language Congress used in § 6426(e) plainly distinguishes between a "taxable fuel" and an "alternative fuel" and affords a credit only when a taxpayer produces a mixture of the two.

*U.S. Venture*, 2 F.4th at 1039. Put another way, "the statutory context provides that a given fuel is either a taxable fuel or an alternative fuel, but not both." *Vitol*, 2022 WL 855857, at *5.

It is not disputed that gasoline is a "taxable fuel." Nor could it be because Congress explicitly included "gasoline" in the IRC's definition of taxable fuel. IRC § 4083(a)(1)(A). IRC § 4083 goes on to define "gasoline" to include "any gasoline blend stock" as "prescribed in regulations." IRC § 4083(a)(2)(B)(i). And Treasury regulations define gasoline blend stocks to include butane. 26 C.F.R. § 48.4081-1(c)(3)(i)(B); *see also U.S. Venture*, 448 F. Supp. 3d at 983 ("Section 4083 authorizes the Treasury Department to define 'gasoline blend stock,' § 4083(a)(2)(B), and the Treasury Regulations' definition of 'gasoline blend stock' includes butane.") (citation omitted). Thus, butane *is* gasoline for purposes of IRC § 4083 and is therefore taxable under IRC § 4081.

Accordingly, both gasoline and butane are taxable fuels for purposes of IRC § 6426(e). As the Seventh Circuit explained in *U.S. Venture*, "[t]he express language of § 4083—the provision Congress expressly cross-referenced within the AFM tax credit—unambiguously tells us that butane is a 'taxable fuel' for purposes of the fuel excise tax." 2 F.4th at 1038. And "because Congress expressly hinged the definition of 'taxable fuel' within § 6426(e)(2) on the definition employed in § 4083" it follows that "butane constitutes a 'taxable fuel' for purposes of the AFM tax credit" as well. *Id.* at 1039.

Because butane is a taxable fuel, it cannot also be an alternative fuel for IRC § 6426(e). "It strains credulity, then, to consider butane, which we have just concluded is a taxable fuel, to

7

also be 'alternative to' a taxable fuel." *Id*. That butane cannot be both alternative and taxable fuel is also supported by the fact that the excise tax on alternative fuels expressly excludes from its definition of alternative fuel anything taxed as a traditional fuel under IRC § 4081.

PES acknowledges that the regulations define gasoline blend stock to include butane but insists that butane can be either a taxable fuel or an alternative fuel depending on where it comes from. ECF No. 50-1 at 19. The Government counters that butane is categorically excluded from the definition of alternative fuel for purposes of IRC § 6426(e) because it is a taxable fuel under IRC § 4081. ECF No. 53 at 23.

Here too, the Court must work through the tangled web of cross-references between tax credits and their related excise taxes to determine the meaning of IRC § 6426(e). The Court starts with whether butane qualifies as an alternative fuel under IRC 6426(d) because it is a "liquefied petroleum gas." Any substance that would qualify as an alternative fuel under IRC § 6426(d) must be a fuel that is taxable under IRC § 4041 because the tax credit in IRC § 6426(d) is specifically allowed against the excise tax imposed by IRC § 4041. *See* IRC § 6426(a)(2). If butane is not taxable under IRC § 4041, it cannot qualify as an alternative fuel for purposes of IRC § 6426. *See Vitol*, 2022 WL 855857, at *5 ("For there to be a § 6426 credit, there must first be a § 4081 or § 4041 tax.").

Under IRC § 4041, fuels that are taxable under IRC § 4081 are explicitly excluded from the definition of alternative fuel for the purpose of the alternative fuel excise tax. This is because IRC § 4041(a)(2)(A) imposes a tax on any liquid "other than . . . any product taxable under section 4081." Because butane is a taxable fuel under IRC § 4081, it cannot be an alternative fuel for the alternative fuel excise tax. As the Seventh Circuit explained, "because butane is taxable under § 4081 as a 'gasoline blend stock' it is a taxable fuel and thus is excluded from the definition of 'alternative fuel' in § 6426(e). The statute implementing the related alternative fuel excise tax makes this point expressly clear." *U.S. Venture*, 2 F.4th at 1040 (emphasis omitted) (citations omitted); *see also Vitol*, 2022 WL 855857, at *5 ("[T]he [AFM] credit arises from a dichotomous statutory scheme, in which a given fuel is ineligible to be taxed as 'alternative' by virtue of being taxed as a taxable fuel.").

This is nothing new. "Congress has consistently defined alternative fuels to exclude 'any product taxable' under the fuel excise tax." *U.S. Venture*, 2 F.4th at 1040 (citing Excise Tax Reduction Act of 1954, Pub. L. No. 83-324, § 507(b), 68 Stat. 37, 44; 60 Fed. Reg. 40079, 40082 (1995); 51 Fed. Reg. 11, 18 (1986); 25 Fed. Reg. 11201, 11217 (1960); 26 C.F.R. § 48.4041-8(f)(2) (1961)) (emphasis omitted). And "[t]he proper interpretative approach . . . is one that harmonizes meaning between the use of terms such as 'alternative fuel' that appear in these interrelated portions of the Tax Code." *Id.* at 1041 (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) for its holding that "[E]very Act of Congress[ ] should not be read as a series of unrelated and isolated provisions.") (citations omitted) (some alterations in original). As the Fifth Circuit explained, "[t]he term [liquefied petroleum gas] . . . as used in § 6426(d)(2)'s definition of alternative fuel, fits within a broader statutory scheme that precludes any taxable fuel from also qualifying as an alternative fuel. And butane is a taxable fuel under that statutory scheme." *Vitol*, 2022 WL 855857, at *1.

8

PES argues that "butane is only a taxable fuel when it is a 'petroleum component product of gasoline,' meaning it is derived from crude oil." ECF No. 50-1 at 19-20 (quoting IRC § 4083(a) (flush language)). Accordingly, PES argues that while petroleum-derived butane is taxable under IRC § 4081, natural gas-derived butane is not because it is not a "petroleum product component." *Id.* at 20-21. The Government counters that petroleum includes both crude oil and natural gas. *See* ECF No. 53 at 31.

Here too the Parties offer dueling definitions of "petroleum" to argue whether natural gas-based butane is taxable under IRC § 4081. *Id.* at 30-31; ECF No. 58-1 at 12-13. But the Court need not wade through the dueling definitions for one simple reason—if natural gas-based butane is not within the scope of "petroleum" taxable under IRC § 4081, then such butane is not a "liquefied *petroleum* gas" under IRC § 6426(d)(2). Indeed, the entirety of PES's motion is that "butane is a liquefied *petroleum* gas and, therefore, an 'alternative fuel' for purposes of the alternative fuel mixture credit under 26 U.S.C. § 6426(e)." ECF No. 50 at 1 (emphasis added). There is nothing in the IRC indicating that petroleum means one thing for the excise taxes and something different for the credits against those taxes. Either the butane at issue is a "petroleum product component of gasoline" under IRC § 4083(a)(2) (flush language) and a "taxable fuel" rather than an "alternative fuel" or it is not "liquefied petroleum gas" under IRC § 6426(d) and not an "alternative fuel." PES cannot have it both ways—butane cannot be petroleum when it helps PES but not petroleum when it hurts PES.

PES also maintains that the fact butane is not included in the list of fuels specifically excluded from the definition of alternative fuel in the flush language of IRC § 6426(d)(2) signifies Congress's intent not to exclude butane from the definition of alternative fuel. ECF No. 50-1 at 23. The flush language provides that the term alternative fuel "does not include ethanol, methanol, biodiesel, or any fuel (including lignin, wood residues, or spent pulping liquors) derived from the production of paper or pulp." IRC § 6426(d)(2). But the Government correctly counters that this list only includes "certain fuels that would otherwise qualify as alternative fuels under § 6426(d)(2) but are specifically excluded." ECF No. 53 at 31. Because butane "was already excluded from the scope of alternative fuels [for the purposes of IRC § 6426(d)] as a fuel that is taxable under § 4081," it was unnecessary to include butane among the specifically excluded fuels in the flush language. *Id.* at 32. As the Fifth Circuit concluded in response to the same argument raised in *Vitol*, "butane was never eligible for the credit because it was a taxable fuel, so express language saying so would have been redundant." 2022 WL 855857, at *6.

For these reasons, butane cannot be an alternative fuel for purposes of IRC § 6426(e) and PES's mixture of butane and gasoline cannot qualify for the AFM credit.

> 3. The inclusion of liquefied petroleum gas in IRC § 6426(d)'s definition of alternative fuel does not make butane an alternative fuel.

The Parties spent an extended amount of their briefing debating the definition of the term "liquefied petroleum gas." The Parties propose several definitions for the term from various lexicographic sources. *See* ECF No. 50-1 at 14-18; ECF No. 53 at 35-47. Thankfully, the Court need not choose between these definitions because no matter the technical or industry definition of liquefied petroleum gas, butane cannot be an alternative fuel for purposes of IRC § 6426(e) because such an interpretation is inconsistent with the statutory definitions and scheme. Here too

the Seventh Circuit was insightful: "What [PES's] position . . . underappreciates is that the dictionary or industry definition of a statutory term does not always govern when meaning can be discerned from language used in a larger statutory context." *U.S. Venture*, 2 F.4th at 1041 (citation omitted). "The statutory context of § 6426 provides sound reason to depart from butane's common meaning." *Vitol*, 2022 WL 855857, at *4.

Butane has been identified as a gasoline blend stock that is taxable under IRC § 4081 since 1992. *See* Treas. Reg. § 48.4081-1(c)(3)(i)(B); § 4083(a)(2)(B)(i). And "[f]or almost seventy years, § 4041 identified 'alternative fuels' and 'special motor fuels' by reference to fuels that are not taxable under § 4081, establishing that the two types of fuel are mutually exclusive." ECF No. 63 at 6. This mutual exclusivity was the backdrop for the 2005 enactment of the AFM credit. Thus, in the established statutory context at the time the AFM credit was enacted, a longstanding taxable fuel such as butane could not also be understood to qualify as an alternative fuel. In short, there is nothing "alternative" about mixing gasoline with butane because butane is a taxable fuel that "had been a standard gasoline additive for more than 30 years before the passage of the 2005 Act establishing the AFM credit." *U.S. Venture*, 2 F.4th at 1039. That is simply traditional gasoline.

Nonetheless, PES contends that the proper definition of the term "liquefied petroleum gas" includes butane. PES cites at least 12 definitions of "liquefied petroleum gas" from various dictionaries, chemistry textbooks, and regulations to support its proffered definition of liquefied petroleum gas as including butane. ECF No. 50-1 at 13-18. The Government counters that, when plural, liquefied petroleum gases refer to "particular fuel products containing propane, butane, or mixtures of propane and butane that also satisfy certain other industry specifications" and, when singular, liquefied petroleum gas simply means "propane autogas." ECF No. 53 at 13 (citations omitted).

But the Court need not choose between these definitions of "liquefied petroleum gas" for the purposes of IRC § 6426(d)(2) because butane cannot qualify as an alternative fuel under Congress's statutory scheme. Here too, this Court agrees with the Seventh Circuit's conclusion that:

> If Congress had drafted § 6426(e) in an altogether different way—where statutory terms were not defined and where meaning could not be discerned from the surrounding language—[Plaintiff's] approach may be right. Perhaps then we might rely on a meaning of butane commonly accepted in the petroleum industry or in this or that dictionary . . . . [But w]e cannot get to the point of concluding that butane is an "alternative fuel" within the meaning of § 6426(e), especially when we read that provision against the broader backdrop of fuel excise tax provisions to which the AFM tax credit applies.

*U.S. Venture*, 2 F.4th at 1040. Simply put, various dictionary definitions of liquefied petroleum gas cannot override the statutory provisions regarding what is taxed as an alternative fuel under IRC § 4041.

10

And this Court must interpret IRC § 6426(d)'s definition of alternative fuel in a way that harmonizes it with IRC § 4041's definition of alternative fuel. *E.g.*, *Chaney v. United States*, 45 Fed. Cl. 309, 316 (1999) ("[I]n construing a statute, courts should attempt not to interpret a provision such that it renders other provisions of the same statute inconsistent, meaningless or superfluous.") (citation omitted). Nothing about this Court's interpretation renders 6426(d)'s definition of alternative fuel meaningless. There are multiple gases that are referred to as "liquefied petroleum gas." Indeed, PES seeks judgment that butane is "*a* liquefied petroleum gas," not the only "liquefied petroleum gas." Again, this issue has come before at least one court before that harmonized IRC § 6426(d)'s and IRC § 4041's definitions of alternative fuel by concluding that butane is not within the scope of liquefied petroleum gas in IRC § 6426(d). As the Southern District of Texas explained, ethane and propane are both common liquefied petroleum gases, neither of which is taxable under IRC § 4081. *Vitol, Inc. v. United States*, No. 18-2275, 2020 WL 1442136, at *5 (S.D. Tex. Feb. 25, 2020) (citations omitted). Thus, "liquefied petroleum gas" in IRC § 6426(d) is not meaningless if it does not include butane and this interpretation harmonizes its definition of alternative fuel with IRC § 4041's.

      4. <u>If Congress sought to provide a massive tax credit, it would have done so explicitly rather than through an undefined term subject to varied interpretations.</u>

Finally, even if there were ambiguity in the statutory scheme here, the Court would not agree with PES that butane is an alternative fuel. If Congress sought to disrupt the longstanding statutory scheme that recognized butane to be a taxable rather than alternative fuel with the 2005 enactment of the AFM credit, it would have done so more explicitly than by including a reference to "liquefied petroleum gas," which clearly has a variety of plausible definitions. As Justice Scalia put it, "Congress, we have held, does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001). PES asks this Court to find a very large elephant—more than $550 million for PES alone—in the smallest of mouseholes. Adopting PES's interpretation would require this Court to conclude that Congress, acting against the established statutory and regulatory backdrop, chose to upend the longstanding conventional understanding of butane as an exclusively taxable fuel simply by including the decidedly vague term "liquefied petroleum gas" in a long list of substances that qualify as alternative fuels without adjusting any of the related provisions. This Court would not do so.

    **B.**  **The Government's Motion for Judgment on the Pleadings**

Because the Court grants the Government's Cross-Motion for Summary Judgment, the Government's Motion for Judgment on the Pleadings is moot. The sole ground for granting the Government's Motion for Judgment on the Pleadings would be that the Court agrees that the 2019 amendment retroactively applies to the 2017 taxable quarters and that the claims for those quarters should accordingly be dismissed. Because the Court holds that butane did not qualify as an alternative fuel even before the 2019 amendment and PES is not entitled to any of the damages it seeks, the Court denies the Government's Motion for Judgment on the Pleadings as moot.

**IV.**  **Conclusion**

For the foregoing reasons, the Court hereby rules:

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 50, is **DENIED**.

2. The Government's Cross-Motion for Summary Judgment, ECF No. 53, is **GRANTED**.

3. The Government's Motion for Judgment on the Pleadings, ECF No. 28, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Edward H. Meyers
Edward H. Meyers
Judge
